IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWTIS DONALD RHODEN, | Case No. 1:08-cv-00100-LJO DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S SECOND AMENDED COMPLAINT BE DISMISSED |
| vs. | |
| STEPHEN W. MAYBERG, et al., | (Docs. 6, 7, & 8) |
| Defendants. | |

**FINDINGS AND RECOMMENDATIONS**

**I. Screening Requirement**

Plaintiff, Lawtis Donald Rhoden, ("Plaintiff") is a civil detainee proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff, a pre-trial detainee at Coalinga State Hospital in Coalinga, California, filed this action on January 22, 2008. On February 19, 2008, Plaintiff filed a first amended complaint. On October 9, 2008, Plaintiff filed a motion to amend and a second amended complaint – the latter of which was lodged.

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to

1

section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**II. Summary of Plaintiff's Second Amended Complaint**

Plaintiff alleges a claim for relief against: California Department of Mental Health (DMH) Director, Stephen Mayberg; Chief of the Sex Offender Commitment Program for the DMH, Brenda Epperly-Ellis; DMH Contract Panel SVP evaluators Dawn Renee Starr, Ph.D., Mark Schwartz, Ph.D. and Lisa Jeko, Ph.D.; and prior acting Director of Coaling State Hospital, Norm Kramer. Plaintiff seeks monetary damages, and relief (both declaratory and injunctive).

**A. Plaintiff's Claim**

Plaintiff alleges that his state prison sentence and parole expired on January 28, 2007. That he is currently a patient at Coalinga State Hospital under the Sexually Violent Predators Act (SVPA). Probable cause was found under the SVPA to retain Plaintiff in the custody of DMH. He is awaiting trial which was tentatively scheduled for November of 2008. Plaintiff alleges that defendants Starr, Schwartz, and Jeko submitted SVP reports, concluding that he suffered from "*Paraphilia, NOS (Nonconsent)*" so as to qualify him for involuntary civil commitment under the SVPA. Plaintiff further alleges that defendants Mayberg and Epperly-Ellis wrote and implemented the policies, practices, procedures and deficiently instructed/trained defendants Starr, Schwartz, and Jeko so as to result in his being errantly diagnosed. Plaintiff contends that there was inadequate "proof" to diagnose him with "*Paraphilia, NOS (nonconsent)*" and that it is a diagnosis that is not intended to apply to rape scenarios. Plaintiff wrote to defendant Kramer regarding his various objections to his diagnosis and detention. Plaintiff alleges that these actions violated his rights to due process under the 14th Amendment.

### B. Legal Analysis

Plaintiff's action is premised on his allegedly inappropriate diagnosis as "*Paraphilia, NOS (nonconsent)*" which provides the basis for his retention subsequent to expiration of his prison sentence and parole, yet prior to trial determining whether he will be civilly committed as a SVP. Thus, as of the date Plaintiff filed this action, he had not yet been found to be a SVP.

Any challenge to a future determination that Plaintiff is a SVP is not yet ripe for review because such determination has not and may not be made. Plaintiff's fear that defendants may take an action against him does not create a case or controversy, because such a case is not ripe for adjudication.

The Supreme Court has stated that the basic rationale of the ripeness doctrine "is to prevent the courts, through premature adjudication, from entangling themselves in abstract disagreements." Thomas v. Union Carbide Agricultural Products Co., 473 U.S. 568, 580 (1985). The court's role is "neither to issue advisory opinions nor to declare rights in hypothetical cases, but to adjudicate live cases or controversies consistent with the powers granted the judiciary in Article III of the Constitution." Thomas v. Anchorage Equal Rights Com'n, 220 F.3d 1134, (9th Cir.2000). Ripeness becomes an issue when a case is anchored in future events that may not occur as anticipated, or at all. Pacific Gas & Elec. Co. v. State Energy Resources Conservation & Dev. Comm'n, 461 U.S. 190, 200-01 (1983); Dames & Moore v. Regan, 453 U.S. 654, 689 (1981). Ripeness is a question of timing. Regional Rail Reorganization Act Cases, 419 U.S. 102, 139 (1974). Thus, no case or controversy currently exists, and there is a real likelihood that Plaintiff's claim will never present a case or controversy. The Supreme Court has cautioned against courts "entangling themselves in abstract disagreements." Abbott Laboratories v. Gardner, 387 U.S. 136, 148-49 (1967). Therefore, the Court must dismiss this action because Plaintiff's claim is not ripe for adjudication.

In addition, this Court must abstain from any ongoing state court proceedings. The federal courts have an enduring obligation to exercise jurisdiction over all cases properly before them. However, pursuant to 28 U.S.C. § 2283, "[a] court of the United States may not grant an injunction or stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." Subject to few exceptions, state courts must be permitted to try state cases free from interference by federal courts. Younger v. Harris, 401 U.S. 37, 43 (1971). When

federal courts are asked to enjoin pending state court proceedings, "the normal thing to do . . . is not to issue such injunctions." Id. at 44. This concept of non-interference by federal courts in state court proceedings is known as the Younger abstention doctrine.

The Supreme Court has explained that the fundamental policy reason for the doctrine of abstention is "comity," that is, "a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways." Id. Also foundational is "the basic doctrine of equity jurisprudence that courts of equity should not act, and particularly should not act to restrain a criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." Id. at 43. Under our Constitution, the abstention doctrine is important "in order to prevent erosion of the role of the jury and avoid a duplication of legal proceedings and legal sanctions where a single suit would be adequate to protect the rights asserted." Id. at 44. For these reasons, courts of equity are restrained from interfering with criminal prosecutions.

Because the action is "in aid of or closely related to" a criminal statute, to wit, California's SVPA, the state is a party, and an important state enforcement policy - protection of the public from sexually violent predators - is at stake, the Younger doctrine necessarily applies. Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Huffman v. Pursue, 420 U.S. 592, 603 (1975); Moore v. Sims, 442 U.S. 415, 423 (1979). Under Younger, this Court must abstain from interfering with the state proceedings because: 1) the state judicial proceedings are ongoing; 2) the state proceedings implicate important state interests; and 3) there is an adequate opportunity in the state proceedings to raise constitutional challenges. Middlesex, 457 U.S. at 432.

Subsequent to the state action against Plaintiff under the SVPA, "...in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or

sentence that has not been so invalidated is not cognizable under § 1983.  Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." <u>Heck v. Humphrey</u> 512 U.S. 477, 486-86 (1994) footnotes omitted.

Under the circumstances alleged by Plaintiff in this case, a judgment in his favor finding his diagnosis as "*Paraphilia, NOS (nonconsent)*" to be inappropriate would necessarily imply the invalidity of his confinement since this diagnosis is the basis for his retention subsequent to expiration of his prison sentence and parole, yet prior to trial determining whether he will be civilly committed as a SVP.  Thus, this action under § 1983 must be dismissed.

Standing for federal habeas relief is available to one charged as a California sexually violent predator to challenge his civil detention, commitment, or any future petition to recommit him. <u>Huftile v. Miccio-Fonseca</u>, 410 F.3d 1141-2 (9th Cir.2005).  Therefore, if at any future commitment proceedings defendants rely on what Plaintiff alleges is an unfounded and inappropriate medical diagnosis, Plaintiff has an adequate remedy at law.  Plaintiff's sole remedy is to file a petition for habeas corpus.[1]

**III. Conclusion**

Based on the foregoing, it is HEREBY RECOMMENDED that this action be dismissed with prejudice for failure/inability to state a claim upon which relief may be granted.  Plaintiff is unable to state a cognizable claim for relief as a matter of law.  Therefore, the court recommends that Plaintiff not be given leave to amend.  The clerk of the court is directed to file Plaintiff's lodged second amended complaint. Doc. 7.

These Findings and Recommendations will be submitted to the United States District Judge

---

[1] Petitioner is advised that to the extent he is a pre-trial detainee, he may not seek habeas relief under § 2254 but may do so under § 2241.  See <u>McNeely v. Blanas</u>, 336 F.3d 822, 824 n.1 (9th Cir. 2003).

assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **December 11, 2008**                    /s/ **Dennis L. Beck**
                                                             UNITED STATES MAGISTRATE JUDGE