# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWTIS DONALD RHODEN, | CASE NO. 1:08-CV-00100-LJO-DLB (PC) |
| Plaintiff, | ORDER STAYING PROCEEDINGS |
| v. | (ECF NO. 18) |
| STEPHEN W. MAYBERG, et al., | PLAINTIFF TO FILE STATUS UPDATE WITHIN THIRTY (30) DAYS |
| Defendants. | |

**I.     Background**

Plaintiff Lawtis Donald Rhoden ("Plaintiff") is a civil detainee detained by the California Department of Mental Health, proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  On February 4, 2009, the Court dismissed the action for failure to state a claim upon which relief may be granted, and entered judgment against Plaintiff.  Order, ECF. No. 12; Judgment, ECF No. 13.  On February 20, 2009, Plaintiff filed notice of appeal.  On January 11, 2010, the United States Court of Appeals for the Ninth Circuit issued a memorandum, vacated this Court's judgment, affirmed in part, and remanded in part for this Court to stay the proceedings.  9th Cir. Mem., ECF No. 18; 9th Cir. Mandate, ECF No. 19.  The Court thus issues the following order.

**II.    Summary of Second Amended Complaint and Analysis**

In his second amended complaint, Plaintiff alleged that his state prison sentence and parole expired on January 28, 2007.  Probable cause was found under the Sexually Violent Predators Act ("SVPA"), California Welfare & Institutions Code section 6600, to retain Plaintiff

1

in the custody of the Department of Mental Health at Coalinga State Hospital.  Plaintiff alleges that defendants Starr, Schwartz, and Jeko submitted SVP reports concluding that Plaintiff suffered from "Paraphilia, NOS (Nonconsent)" so as to qualify him for involuntary civil commitment under the SVPA.  Plaintiff further alleges that Defendants Mayberg and Epperly-Ellis wrote and implemented the policies, practices, procedures and deficiently instructed/trained defendants Starr, Schwartz, and Jeko so as to result in his being erroneously diagnosed.  Plaintiff contends that there was inadequate "proof" to diagnose him with "Paraphilia, NOS (Nonconsent)" and that it is a diagnosis that is not intended to apply to rape scenarios.  Plaintiff wrote to Defendant Kramer regarding his various objections to his diagnosis and detention.  Plaintiff alleges that these actions violated his rights to due process under the Fourteenth Amendment.  Plaintiff seeks declaratory, injunctive relief, and money damages.

       This Court found that Plaintiff's claims would violate the doctrine of *Younger v. Harris*, 401 U.S. 37 (1971), which found that generally, state courts must be permitted to try state cases free from interference by federal courts.  401 U.S. at 43.  The Court also found that Plaintiff's action would violate *Heck v. Humphrey*, 512 U.S. 477 (1994), which requires a plaintiff to file for relief via writ of habeas corpus prior to filing a civil action if a judgment in favor of the plaintiff would require the invalidity of his conviction or sentence.  512 U.S. at 483-87.  The court dismissed Plaintiff's claims for declaratory and injunctive relief, and for money damages.

       The Court of Appeals affirmed as to the dismissal of Plaintiff's claims for declaratory and injunctive relief.  9th Cir. Mem. 2; *see Gibertson v. Albright*, 381 F.3d 965, 975 (9th Cir. 2004) (en banc).  The Court of Appeals found that the "state civil commitment proceedings are judicial in nature, implicate important state interests, and afford [Plaintiff] an adequate opportunity to litigate his federal claims."  9th Cir. Mem. 2.  However, the Court of Appeals found that Plaintiff's claims for money damages should have been stayed until the state court proceedings are completed.  *Id.* at 2-3.  The Court of Appeals found the *Heck* doctrine inapplicable because Plaintiff is not civilly committed.  *Id.*; *see Wallace v. Kato*, 549 U.S. 384, 393-94 (2007).

///

///

### III.     Conclusion and Order

Accordingly, the Court HEREBY ORDERS that Plaintiff's action for money damages is STAYED pending the completion of state civil commitment proceedings pursuant to the SVPA.

Because Plaintiff is the only party that has appeared in this action, it is Plaintiff's responsibility to notify the Court when state proceedings are complete.  Accordingly, Plaintiff is ORDERED to file a status update regarding his state civil commitment proceedings within thirty (30) days from the date of service of this order.  Failure to do so will result in dismissal of this action for failure to obey a court order.

IT IS SO ORDERED.

**Dated:    July 1, 2010**                                            /s/ Lawrence J. O'Neill
                                                                                        UNITED STATES DISTRICT JUDGE

3