1

2

3

4

5

6

7

8

9 **UNITED STATES DISTRICT COURT**

10 EASTERN DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| 12 LAWTIS DONALD RHODEN, | Case No. 1:08-cv-00100-LJO-DLB PC |
| 13  Plaintiff, | ORDER LIFTING STAY OF ACTION |
| 14  v. | FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION |
| 15 STEPHEN W. MAYBERG, et al., | **OBJECTIONS DUE WITHIN THIRTY DAYS** |
| 16  Defendants. | |

17

18      Plaintiff Lawtis Donald Rhoden ("Plaintiff") is a civil detainee in the custody of the

19 California Department of Mental Health.  Plaintiff is civilly detained at Coalinga State Hospital

20 pursuant to California's Sexually Violent Predators Act ("SVPA").  Cal. Welf. & Inst. Code § 6600.

21 **A.      BACKGROUND**

22      Plaintiff filed this action on January 22, 2008.  Plaintiff's prison sentence and parole expired

23 on January 28, 2007, and at the time he filed his complaint, he was being retained under the SVPA

24 while awaiting trial.  Plaintiff filed a Second Amended Complaint on December 12, 2008.

25      On December 12, 2008, the Court issued Findings and Recommendations that the action be

26 dismissed.  The Court found that Plaintiff's claims, which related to the validity of his detention,

27 were barred by the doctrine of Younger v. Harris, 401 U.S. 37 (1971), as well as the holding in Heck

28

1  v. Humphries, 512 U.S. 477 (1994).  On February 9, 2010, the Court adopted the Findings and

2  Recommendations and dismissed the action.

3  Plaintiff appealed and on January 11, 2010, the Ninth Circuit Court of Appeals affirmed the

4  dismissal as to Plaintiff's claims for declaratory and injunctive relief.  However, the Court found that

5  the Heck doctrine did not apply because Plaintiff was not civilly committed.  The Ninth Circuit

6  remanded the action with instructions to stay Plaintiff's action for money damages until the state

7  proceedings were no longer pending.  Therefore, on July 2, 2010, the Court stayed the action and

8  ordered Plaintiff to provide periodic status updates.

9  On August 19, 2013, Plaintiff informed the Court that he was convicted as a SVP on July 3,

10  2013, and is now confined indefinitely under the SVPA at Coalinga State Hospital.

11  Accordingly, as the state proceedings are now completed, the stay is LIFTED.

12  **B.**   **LEGAL STANDARD**

13  The Court is required to screen Plaintiff's complaint and dismiss the case, in whole or in part,

14  if the Court determines it fails to state a claim upon which relief may be granted.  28 U.S.C. §

15  1915(e)(2)(B)(ii).

16  A complaint must contain "a short and plain statement of the claim showing that the pleader

17  is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but

18  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

19  do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing Bell Atlantic

20  Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to

21  indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009)

22  (internal quotation marks and citation omitted).  While factual allegations are accepted as true, legal

23  conclusions are not.  Iqbal, 556 U.S. at 678.

24  Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt

25  resolved in their favor, Wilhelm v. Rotman, 680 F.3d 1113, 1121-23 (9th Cir. 2012); Hebbe v. Pliler,

26  627 F.3d 338, 342 (9th Cir. 2010), but Plaintiff's claims must be facially plausible to survive

27  screening, which requires sufficient factual detail to allow the Court to reasonably infer that each

28  named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678 (quotation marks

1   omitted); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that

2   a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of

3   satisfying the plausibility standard.  Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572

4   F.3d at 969.

5   **C.     PLAINTIFF'S ALLEGATIONS IN SECOND AMENDED COMPLAINT**

6          Plaintiff alleges a claim for relief against the California Department of Mental Health (DMH)

7   Director, Stephen Mayberg, Chief of the Sex Offender Commitment Program for the DMH, Brenda

8   Epperly-Ellis, DMH Contract Panel SVP evaluators Dawn Renee Starr, Ph.D., Mark Schwartz,

9   Ph.D. and Lisa Jeko, Ph.D., and prior acting Director of Coalinga State Hospital, Norm Kramer.

10         Plaintiff contends that his state prison sentence and parole expired on January 28, 2007.  At

11  the time of the Second Amended Complaint, Plaintiff was confined at Coalinga State Hospital under

12  the SVPA while he awaited trial.

13         Plaintiff alleges that Defendants Starr, Schwartz and Jeko submitted SVP reports concluding

14  that he suffered from "Paraphilia, NOS (Nonconsent)," therefore qualifying him for involuntary civil

15  commitment under the SVPA.  Plaintiff further alleges that Defendants Mayberg and Epperly-Ellis

16  wrote and implemented the policies, practices, procedures, and failed to instruct/train Defendants

17  Starr, Schwartz and Jeko, resulting in his incorrect diagnosis.

18         Specifically, Plaintiff contends that there was inadequate "proof" to diagnose him with

19  "Paraphilia, NOS (Nonconsent)," and that such a diagnosis is not intended to apply to rape scenarios.

20  Plaintiff wrote to Defendant Kramer and set forth his various objections to his diagnosis and

21  detention.

22         Plaintiff alleges a violation of his rights to due process under the Fourteenth Amendment.

23  **D.     ANALYSIS**

24         This analysis turn on the fact that Plaintiff has now been tried and convicted as a SVP, and

25  found to be lawfully detained.  Plaintiff's action, which is based on the legality of his detention, is

26  barred by Heck v. Humphrey, 512 U.S. 477, 486-86 (1994).

27         Under Heck v. Humphrey, when a state prisoner seeks damages in a section 1983 suit, the

28  district court must consider whether a judgment in favor of the plaintiff would necessarily imply the

invalidity of his conviction or sentence.  If it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.  If the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed. Heck v. Humphrey, 512 U.S. 477, 486-86 (1994).

In the context of Plaintiff's Second Amended Complaint, a judgment in his favor that declared his diagnosis inappropriate would necessarily imply the invalidity of both his pre-trial detention *and his current commitment.*  Although Plaintiff is a civil detainee, the Ninth Circuit has found that standing for federal habeas relief is available to a person charged as a California SVP to challenge his civil detention, commitment, or any future petition to recommit him.  Huftile v. Miccio-Fonseca, 410 F.3d 1141 (9th Cir.2005).

As Plaintiff's detention has not been invalidated, his action for money damages is therefore barred by Heck and his sole remedy is a petition for writ of habeas corpus.  This does not run afoul of the Ninth Circuit's order, which based the inapplicability of Heck on the fact that Plaintiff had not been, at the time, civilly committed within the meaning of Heck.

**E.      FINDINGS AND RECOMMENDATIONS**

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **August 26, 2013**                        /s/ *Dennis L. Beck*
                                                        UNITED STATES MAGISTRATE JUDGE